Hubbabd, J.
The argument of the plaintiff proceeds upon the ground that the original promise, made by Rice to Woods & Field, was independent of Sprague, and consequently that the judgment recovered by them against Rice, the present defendant, was collateral, and founded upon a consideration which did not affect Sprague; so that the debt due from Rice to Sprague remains uncancelled, and in full force, and has passed, by virtue of the act under which Sprague was declared an insolvent debtor, to Caldwell, his assignee. If the premises upon *496 which the argument rests are correct, the conclusion might follow, as contended for. But we are of opinion that the promise, made by Rice to Woods & Field, was not independent of Sprague. The agreement of November 25th 1839 was an agreement of three parts, Rice of the first part, Woods & Field of the second, and Sprague of the third part. This agreement, by necessary implication, admits that Sprague was indebted to Woods & Field, and it provides that Sprague and Rice may submit their respective demands to certain referees for their determination, and if they decide that Rice is indebted to Sprague, he is to disclose such sum, as the amount for which he is to be charged as trustee; and if they determine that he is not indebted to Sprague, then Woods & Field agree that he shall be discharged.
It is obvious that such an agreement could not be of binding force upon Woods & Field, unless they were parties to it; for their rights were not by law dependent upon an award of referees, between their debtor and his trustee, agreed to after the commencement of the suit; for they were entitled to have those accounts adjusted, to examine them for themselves, and to have the balance, if any, ascertained by the court before whom their suit was pending. Neither would Rice be protected in his disclosure, by any such award, without the agreement of Woods & Field; and no such reference could take place without Sprague’s being a party, and consenting that the award should be binding on him, as well as on the other parties.
We think, therefore, that the agreement was founded on mutual promises, and that it gave Woods & Field an equitable lien on the award that might be made, which could be enforced by them against Rice, either by a judgment against him on his disclosure as trustee, or by an action against him, founded upon his promise, in case he should neglect or refuse to disclose. The reported case of Woods & Field v. Rice, 4 Met. 481, shows that he refused to disclose, and in consequence he was charged, on his promise, with the amount of the debt due from him to Sprague. This took place after the insolvency of Sprague, and the assignment of his effects, which were facts appearing in. that trial.
*497 We are of opinion that the judgment recovered by Woods & Field against Rice, and satisfied by him, is in law a payment of the debt due from Rice to Sprague, and that consequently no right of action exists in the assignee of Sprague to recovei it again. No greater rights passed by force of the assignment, than those which Sprague himself possessed in regard to this ciaim; and Sprague could not maintain a suit for this claim against Rice. He could not resort to his original cause of action; for that was merged in the award. He could not maintain an action on the award; because he had stipulated with Woods & Field and Rice, that if they would agree to the reference, they (Woods & Field) should be entitled to the fruits of the award.
The cause has been ingeniously argued by the counsel for the plaintiff; but we do not yield to the suggestion that the law is made to bend to the apparent equity of the case on the part of the defendant. On the other hand, if the disclosure had been made within a reasonable time, Woods & Field would have recovered the amount in their trustee suit, and the general creditors of Sprague would have had no benefit from his de mand against Rice; and they are not, therefore, placed in a worse situation by reason of the decision in the former action of Woods & Field v. Rice.

Plaintiff nonsuit.